IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

**Lewis D. Willis,**

        Plaintiff;

  v.

**Carolyn W. Colvin,**                           Civil Action No. 12-1232-RGA

Acting Commissioner of Social Security,

        Defendant.

MEMORANDUM

Plaintiff, Lewis Willis, filed an application for Social Security Disability Benefits on April 15, 2009. (Transcript, p. 21)[1]. The Administrative Law Judge (ALJ) denied Willis's application on February 10, 2011. (Transcript, p. 29). The Appeals Council declined to review the ALJ's decision. (Transcript, pp. 1-5). Plaintiff then filed a lawsuit, asking this Court to review the ALJ's decision to deny Plaintiff's application for disability benefits. (D.I. 1). Following cross motions for summary judgment, this case was referred to the United States Magistrate Judge, who issued a Report and Recommendation that Plaintiff's motion for summary judgment be denied. (D.I. 16). However, on review this Court determined that the ALJ erred, and granted summary judgment in favor of Plaintiff. (D.I. 19). The issue currently before this

---

[1] The transcript is at D.I. 8.

Court is Plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act. 28 U.S.C. § 2412(d)(1)(A). (D.I. 23).

The Equal Access to Justice Act (EAJA) allows "prevailing part[ies]" to collect attorneys' fees in cases where the government's position is not "substantially justified." *Id.* "The government's position consists of both its prelitigation agency position and its litigation position." *Williams v. Astrue*, 600 F.3d 299, 302 (3d Cir. 2009). The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Third Circuit has said that "the government's position is substantially justified 'if it has a reasonable basis in both law and fact.'" *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998) (quoting *Hanover Potato Products, Inc. v. Shalla*, 989 F.2d 123, 128 (3d Cir. 1993)). In other words, "the government must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Morgan*, 142 F.3d at 684.

Plaintiff argues that the government (Defendant) should pay attorneys' fees because the Administrative Law Judge (ALJ) did not apply the treating physician rule. (D.I. 24, p.3). This Court did agree with Plaintiff that the ALJ should have applied the treating physician rule. However, the "court cannot assume that the government's position was not substantially justified simply because the government lost on the merits." *Morgan*, 142 F.3d at 685.

The ALJ recognized the treating physician rule, but did not follow it for multiple reasons. First, the ALJ found an inconsistency between the level of treatment Plaintiff received and Plaintiff's alleged pain. (Transcript, p. 27). However, this Court did not agree that there was an

2

inconsistency, because some treatment options were not available due to Plaintiff's hemophilia. (D.I. 19, p. 11). Second, the ALJ found an inconsistency between the treating physician's assessment of Plaintiff's abilities and Plaintiff's own testimony concerning his ability to care for himself. (Transcript, p. 27). This Court agreed that there was a potential inconsistency, but that alone was not sufficient to discredit the treating physician's entire opinion. (D.I. 19, pp. 11-12). Third, the ALJ thought the treating physician was being sympathetic toward Plaintiff. (Transcript, p. 27). This Court did not agree that the treating physician was being sympathetic, but found that his opinion was "supported by medically acceptable clinical and diagnostic techniques." (D.I. 19, p. 10).

The ALJ provided facts and reasons, as discussed above and as required by Third Circuit precedent, that she thought were sufficient to discredit the treating physician's opinion. Even though this Court disagreed with the ALJ's reasoning, it does not follow that the Government's position was not substantially justified. The ALJ's decision was based on an analysis of the record. In this Court's opinion, the ALJ erred in drawing conclusions from the record, but this Court thinks it was a close call. The ALJ followed the right analytical method. Some, but not all, of the facts supported the inferences the ALJ drew from them. Therefore, the Commissioner had "a reasonable basis in both law and fact" that made the Government's position substantially justified. *Morgan*, 142 F.3d at 684.

An objective consideration for this court to consider is the Magistrate Judge's opinion recommending that this court find that there was substantial evidence supporting the ALJ's decision. (D.I. 16). Although agreement from other courts is not sufficient on its own to show substantial justification, the Supreme Court has said that other courts' opinions can be used as part of a finding of substantial justification. *See Pierce*, 487 U.S. at 565. The Magistrate Judge's

3

opinion shows that a reasonable person could conclude that the ALJ's reasons for discounting the treating physician opinion had a reasonable basis. That opinion, along with the evidence discussed above, is enough to conclude that the government was substantially justified in its position, or that the government was "justified to a degree that could satisfy a reasonable person." *Id.*

Plaintiff contends that this Court found the ALJ's opinion regarding "Mr. Willis' lack of surgical treatment for his conditions" to be "irrational." (D.I. 26, p. 2). This Court did not find the ALJ's opinion regarding surgery to be irrational. The ALJ did improperly place weight on inconsistencies between the levels of treatment and Willis' medical symptoms, but this Court did not find the opinion to be "irrational."

Plaintiff contends that Defendant was not substantially justified because the ALJ did not cite to specific medical facts in reaching her RFC determination. Plaintiff relies on *Doak v. Heckler*, 790 F.2d 26 (3d Cir. 1986), but *Doak* dealt with whether the ALJ's determination was supported by substantial evidence. Even still, the Third Circuit has said that "the ALJ is not precluded from reaching RFC determinations without outside medical expert review of each fact incorporated into the decision." *Chandler v. Commissioner of Social Sec.*, 667 F.3d 356, 362 (3d Cir. 2011). Therefore, the Commissioner still had a reasonable legal basis for concluding that the ALJ's RFC determination was supportable.

"The EAJA is not a 'loser pays' statute." *Morgan*, 142 F.3d at 685. A reasonable person could agree with the ALJ's decision, and the Commissioner's defense of it, and in fact did, even though this Court did not ultimately agree. Therefore, Plaintiff's motion for attorneys' fees is denied.

4

The Court will enter a separate order.

Entered this 16 day of March, 2015

_____
United States District Judge